EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

AMBER PECORARO
9235 BUCKINGHAM COURT
HUNTLEY, IL 60142

    Plaintiff,

v.

Y&D CORPORATION
2641 EATON ROAD
GREEN BAY, WI 54311

    Defendant.

---

## NOTICE OF REMOVAL TO FEDERAL COURT

Defendant Y & D Corporation hereby remove Case No. 2025CV001766 from the Circuit Court for Brown County to the United States District Court for the Eastern District of Wisconsin pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 on the following grounds:

### STATEMENT OF THE CASE

1. On December 16, 2025, Plaintiff filed a Complaint in Brown County Circuit Court, captioned as *Amber Pecoraro v. Y & D Corp.*, Case No. 2025CV001766 (the "State Court Action"). A copy of the Complaint is attached hereto as Exhibit A.

2. Y & D Corporation ("Y & D") was served with the complaint on December 19, 2025.

3. The Complaint alleges fraud, intentional and fraudulent misrepresentation as plaintiff's cause of action. Plaintiff's contention is that Y & D made misrepresentations to plaintiff regarding to the condition of the 2012 Toyota FJ Cruiser (the "Vehicle"). In the Complaint, the Plaintiff alleges being "deceived and defrauded" by the Defendant's representations when purchasing the Vehicle.

4. The Defendant disputes these allegations and maintains that Y & D undertook all

1

necessary precautions regarding the examination and care of the Vehicle before Plaintiff expressed interest in purchasing.

5. The Plaintiff seeks 1) compensatory damages; 2) punitive damages 3) attorney's fees; and 4) statutory fees, interest, costs and disbursements.

**ALL PROCEDURAL REQUIREMENTS HAVE BEEN SATISFIED**

6. Pursuant to 28 U.S.C. § 1446 and Civil L. R. 8, a true and correct copy of all the process, pleadings, orders, and documents from the State Court Action which have been served upon the Defendants are being filed with this Notice of Removal.

7. This Notice of Removal has been filed within 30 days of the date that Y & D was served with the Summons and Complaint in this matter. Removal is therefore timely in accordance with 28 U.S.C. § 1446(b). Concurrent with the filing of this Notice or promptly thereafter, this Notice of Removal is being served on all other parties pursuant to 28 U.S.C. §1446(d).

8. As of the date of this Notice, there have been no orders issued by the Brown County Circuit Court.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) and 1446(a) because the U.S. District Court for the Eastern District of Wisconsin is the federal judicial district embracing the Brown County Circuit Court where the State Court Action was originally filed. However, defendants reserve all rights to contest venue as improper under 42 U.S.C. §247d-6d(e)(1).

**ARGUMENT AND CITATION TO AUTHORITY**

**A.  DIVERSITY JURISDICTION UNDER 28 U.S.C. § 1332(a)**

10. This Court has jurisdiction over the matter under 28 U.S.C. §1332(a) because there is an issue with diversity jurisdiction.

11. Under 28 U.S.C. § 1332(a), a district court has diversity jurisdiction "of all civil actions where the matter 1) exceeds the sum or value of $75,000 and 2) is between "citizens of different states."

12. Here, the Plaintiff is alleging compensatory damages for all 6 counts, punitive damages, and attorney's fees. When calculating this amount in its totality, the amount exceeds the $75,000 as prescribed in 28 U.S.C. § 1332(a).

13. The Plaintiff and the Defendant are citizens of different states. The Plaintiff is a resident of Huntley, Illinois and the Defendant is a business with a principal office and registered agent in Green Bay, Wisconsin.

14. Therefore, to the extent of any cause of action, the Defendant is invoking diversity jurisdiction because the Plaintiff alleges she resides in the state of Illinois. The Defendant is in Wisconsin, so there is complete diversity.

Therefore, to the extent that any cause of action contained within the Complaint does not fall within the federal question, Defendants request that the Court exercise its diversity jurisdiction over such residual causes of action pursuant to 28 U.S.C. § 1332(a).

**WHEREFORE**, having shown that this case is properly removable, Defendant provides notice pursuant to 28 U.S.C. § 1446 that the Action pending in Brown County Circuit Court of the State of Wisconsin, Case No. 2022CV0154 is removed to the United States District Court for the Eastern District of Wisconsin and respectfully requests that this Court exercise jurisdiction over this case.

Respectfully submitted this 20th day of January 2026.

BAKER STERCHI COWDEN & RICE, LLC

*Electronically signed by: Mark T. Budzinski*
Mark T. Budzinski
State Bar No. 1036103
Attorneys for defendants Y & D Corporation

615 S. Monroe Ave
Green Bay, WI 54301
Ph: 920-884-2321
Fx: 920-884-238
Mark.budzinski@bakersterchi.com

## CERTIFICATE OF SERVICE

  The undersigned hereby affirms and certifies that a copy of the foregoing document was deposited in the United States Mail this 20th day of January 2026 to:

    Nathan E. DeLadurantey
    DELADURANTEY LAW OFFICE, LLC
    136 E. Saint Paul Avenue
    Waukesha, WI 53188
    Phone: 414-377-0515


    **BAKER STERCHI COWDEN & RICE, LLC**


    *Electronically signed by: Mark T. Budzinski*
    Mark T. Budzinski
    State Bar No. 1036103
    Savannah Floore
    State Bar No. 1125856
    Defendants Y & D Corporation

Address:
615 S. Monroe Ave
Green Bay, WI 54301
Ph: 920-884-2312
Fx: 920-884-2381

FILED
12-16-2025
Clerk of Circuit Court
Brown County, WI
2025CV001766
Honorable John P. Zakowski
Branch 6

STATE OF WISCONSIN   CIRCUIT COURT   BROWN COUNTY

AMBER PECORARO
9235 BUCKINGHAM COURT
HUNTLEY, IL 60142,

                         Plaintiff,                  Case No. _____

vs.                                              Class Code 30301

Y & D CORP.
2641 EATON ROAD
GREEN BAY, WI 54311,

                         Defendant.

## SUMMONS

THE STATE OF WISCONSIN, to the said defendant (and each of them):

You are hereby notified that the Plaintiff named above has filed a lawsuit or other legal action against you. The Complaint, which is attached, states the nature and basis of the legal action.

Within forty-five (45) days of receiving this summons, you must respond with a written answer, as that term is used in Chapter 802 of the Wisconsin Statutes, to the Complaint. The court may reject or disregard an answer that does not follow the requirements of the Statutes. The answer must be sent or delivered to the court, whose address is: 100 South Jefferson Street, Green Bay, WI 54301, and the DeLadurantey Law Office, LLC, plaintiff's attorney, whose address is: 136 E. Saint Paul Ave., Waukesha, WI 53188. You may have an attorney help or represent you.

If you do not provide a proper answer within forty-five (45) days, the Court may grant judgment against you for the award of money or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Dated: December 16, 2025.

Page 1 of 2

**EXHIBIT A**

*Electronically signed by Nathan E. DeLadurantey*
Nathan E. DeLadurantey, 1063937
DELADURANTEY LAW OFFICE, LLC
136 E. Saint Paul Ave.
Waukesha, WI 53188
(414) 377-0515
E: nathan@dela-law.com

*Attorney for the Plaintiff*

FILED
12-16-2025
Clerk of Circuit Court
Brown County, WI
2025CV001766
Honorable John P. Zakowski
Branch 6

STATE OF WISCONSIN    CIRCUIT COURT    BROWN COUNTY

AMBER PECORARO
9235 BUCKINGHAM COURT
HUNTLEY, IL 60142,

                          Plaintiff,        Case No.

vs.                                        Class Code 30301

Y & D CORP.
2641 EATON ROAD
GREEN BAY, WI 54311,

                          Defendant.

## COMPLAINT

Now comes the Plaintiff, Amber Pecoraro, by and through her Attorney Nathan E. DeLadurantey of DeLadurantey Law Office, LLC, and for a cause of action against the Defendant, upon information and belief, and herein allege as follows:

### PARTIES

1. Plaintiff Amber Pecoraro ("Plaintiff") is a natural person and consumer who resides in Huntley, Illinois.

2. Defendant Y & D Corp., (hereinafter "Defendant") is a business with a principal office address listed at 2641 EATON ROAD, GREEN BAY, WI 54311. Defendant's registered agent is William Dorsch, at the same address.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to Wis. Stat. § 801.04(1) because the Court has the power to hear the claims for relief sought pursuant to the Constitution and statutes of the State of Wisconsin. The Court has personal jurisdiction over Defendant pursuant to Wis. Stat. § 801.05(d) because Defendant is a domestic corporation and doing business in Wisconsin.

4. Venue is proper in Brown County, pursuant to Wis. Stat. § 801.50(2)(a) because the events regarding this lawsuit occurred here.

## FACTUAL BACKGROUND

5. In October 2025, Plaintiff visited Defendant's car dealership to purchase a vehicle.

6. Upon her arrival at Defendant's dealership, Plaintiff was shown a 2012 Toyota FJ Cruiser (the "Vehicle") by a salesperson.

7. The salesperson ensured the Plaintiff that there were no underlying issues with the Vehicle.

8. Based on these representations, Plaintiff was persuaded to purchase the vehicle.

9. Defendant also provided written statements related to the lack of defects or issues with the Vehicle.

10. Plaintiff purchased the Vehicle for consumer purposes, *i.e.* personal, family or household use.

11. Immediately after driving home (from Green Bay) to the Plaintiff's residence, the Vehicle was emitting smoke from the exhaust.

12. Plaintiff took the vehicle to a dealership, wherein she was informed the Vehicle had a clearly defective engine that required replacement.

13. The Vehicle's defective engine was known, or should have been known, had Defendant conducted a proper pre-sale inspection and disclosure.

14. The pre-existing conditions were either known to Defendant at the time of the vehicle sale, or would have been known if a reasonable inspection had been conducted.

15. The pre-existing conditions were of the nature that would have been required to be disclosed on the Wisconsin Buyers Guide.

16. Despite actual or constructive knowledge of the defect, Defendant or their sales representatives, withheld these material facts from Plaintiff to make a sale.

17. Defendant regularly buys and sells used automobiles. Defendant and its experienced agents knew or should have known of the pre-existing conditions

18. Defendant knew or should have known that the representations made by its salespersons related to the vehicle condition were false.

19. Defendant either negligently (or willfully) failed to complete a proper inspection of the vehicle, or Defendant conducted the inspection and negligently (or willfully) failed to accurately complete the Wisconsin Buyers Guide.

20. Plaintiff reasonably relied on these representations when purchasing the vehicle, and would not have purchased the vehicle if Defendant had truthfully disclosed the condition and/or history of the vehicle.

21. Due to the existing mechanical defects at the time of sale, the vehicle cannot be safely or legally operated.

22. As a result of Defendants actions, Plaintiff dramatically overpaid for the vehicle and has been materially damaged.

### Count 1 – Violation of Wis. Stat. §218.0116(1)(c)

23. Plaintiff re-alleges and incorporates by reference each and every one of the foregoing paragraphs as if fully set forth herein.

24. Knowing the representations to be untrue and making the representations with the intent to deceive, Defendant willfully made false representations of fact to Plaintiff relating to the condition of the vehicle and failing to provide an accurate Wisconsin Buyers Guide.

25. Defendant concealed and affirmatively misrepresented the true nature of the condition of the vehicle.

26. Plaintiff was in fact deceived and defrauded by these representations as she believed them to be true and justifiably relied on them and, as a result, entered into a contract to purchase the vehicle. As a direct result of Defendant's misrepresentations, Plaintiff has suffered damages.

27. Contrary to Wis. Stat. §218.0116(1)(c), Defendants willfully defrauded Plaintiff, entitling her to damages, costs of this action and reasonable attorneys' fees under Wis. Stat. §218.0163(2).

## Count 2 – Violation of Wis. Stat. §218.0116(1)(dm)

28. Plaintiff re-alleges and incorporates by reference each and every one of the foregoing paragraphs as if fully set forth herein.

29. Defendant sold the vehicle on the strength of its fraudulent representations to Plaintiff. Specifically, representing at every stage the vehicle as something it was most certainly not – a vehicle with no mechanical issues that would have to be disclosed on a Wisconsin Buyers Guide.

30. Plaintiff was in fact deceived and defrauded by these representations as she believed them to be true and justifiably relied on them and as a result entered into a contract to purchase the vehicle.

31. Contrary to Wis. Stat. §218.0116(1)(dm), Defendant made a fraudulent sale entitling Plaintiff to damages, costs of this action and reasonable attorneys' fees under Wis. Stat. §218.0163(2).

### Count 3 – Violation of Wis. Stat. §218.0116(1)(e)

32. Plaintiff re-alleges and incorporates by reference each and every one of the foregoing paragraphs as if fully set forth herein.

33. Defendant fraudulently misrepresented the purchase of the vehicle to Plaintiff. Specifically, the failure to provide an accurate copy of the Wisconsin Buyers Guide and to disclose the condition of the vehicle.

34. Plaintiff was in fact deceived and defrauded by these representations as she believed them to be true and justifiably relied on them and as a result entered into a contract to purchase the vehicle.

35. Contrary to Wis. Stat. §218.0116(1)(e), Defendant falsely misrepresented material particulars of the vehicle and furnished those false representations to Plaintiff entitling her to damages, costs of this action and reasonable attorneys' fees under Wis. Stat. §218.0163(2).

### Count 4 – Violation of Wis. Stat. §218.0116(1)(bm)

36. Plaintiff re-alleges and incorporates by reference each and every one of the foregoing paragraphs as if fully set forth herein.

37. As alleged above, Defendant have violated Wis. Stat. §§ 218.0116(1)(c) (Count 1), 218.0116(1)(dm) (Count 2), and 218.0116(1)(e) (Count 3).

38. Contrary to Wis. Stat. §218.0116(1)(bm), Defendant failed to comply with multiple provisions, rules and regulations of Wis. Stat. §§218.0101 to 281.0163 entitling Plaintiff to damages, costs of this action and reasonable attorneys' fees under Wis. Stat. §218.0163(2).

## Count 5 – Violation of Wis. Stat. §100.18

39. Plaintiff re-alleges and incorporates by reference each and every one of the foregoing paragraphs as if fully set forth herein.

40. Plaintiff reasonably relied on Defendant's advertisements and representations of the vehicle and carefully considered them prior to making her purchasing decision and have suffered losses as a result.

41. The advertisements and representations of the vehicle were inaccurate and untrue. Specifically, the vehicle had mechanical issues that were either known (and not disclosed) to Plaintiff, or had mechanical issues that would have been discovered (and required to be disclosed) had Defendant complied with Wisconsin law.

42. Contrary to Wis. Stat. §100.18(1), Defendant made assertions, representations and statements of fact which were untrue, deceptive and misleading entitling Plaintiff to damages, costs of this action and reasonable attorneys' fees under Wis. Stat. §100.18(11)(b).

## Count 6 – Fraud

43. Plaintiff re-alleges and incorporates by reference each and every one of the foregoing paragraphs as if fully set forth herein.

44. Defendant made material misrepresentations that the mileage of the vehicle was in commercially reasonable mechanical condition at the time of sale.
45. Defendant made material omissions by not disclosing to Plaintiff that there were pre-existing (and material) mechanical defects with the car.
46. Defendant's material misrepresentations and omissions were made with scienter and actual knowledge of these material facts, and made with the intent to induce Plaintiff into purchasing a vehicle under false pretenses.
47. Plaintiff justifiably relied on Defendant's material misrepresentations and omissions and have been damaged as a proximate result.
48. Plaintiff prays that this Court enter judgment in his favor against Defendant for damages and any other relief the Court deems just and proper.

## Jury Demand

49. Pursuant to Wis. Stat. § 805.01, Plaintiff, by her attorney, demands a trial by a jury of twelve persons.

**WHEREFORE**, Plaintiff seeks judgment against Defendant as follows:

a. As to Count 1 (violation of Wis. Stat. §218.0116(1)(c)) against Defendant, all compensatory damages, incidental and consequential damages, and other damages allowed by law in an amount to be determined at trial;
b. As to Count 2 (violation of Wis. Stat. §218.0116(1)(dm)) against Defendant, all compensatory damages, incidental and consequential damages, and other damages allowed by law in an amount to be determined at trial;
c. As to Count 3 (violation of Wis. Stat. §218.0116(1)(e)) against Defendant, all compensatory damages, incidental and consequential damages, and other damages allowed by law in an amount to be determined at trial;
d. As to Count 4 (violation of Wis. Stat. §218.0116(1)(bm) against Defendant, all compensatory damages, incidental and consequential damages, and other damages allowed by law in an amount to be determined at trial;

e. As to Count 5 (violation of Wis. Stat. §100.18(1)) against Defendant, compensatory damages, incidental and consequential damages, and other damages allowed by law in an amount to be determined at trial;
f. Attorney's fees and costs pursuant to Wis. Stat. §218.0163(2) for Counts 1 through 4 and pursuant to Wis. Stat. §100.18(11)(b) for Count 5;
g. As to Count 6, Plaintiff seeks actual damages, and reasonable attorney fees and costs, in addition to punitive damages;
h. Referral to the dealer licensing agency for determination of suspension or revocation of Defendant's dealer license pursuant to Wis. Stat. §218.0116;
i. Actual damages, statutory damages, punitive damages, and reasonable attorney fees and costs as permitted by statute; and
j. For such other relief as this Court may deem just and proper.

Dated: December 16, 2025.

s/ Nathan E. DeLadurantey
Nathan E. DeLadurantey, 1063937
DELADURANTEY LAW OFFICE, LLC
136 E. Saint Paul Ave.
Waukesha, WI 53188
(414) 377-0515
nathan@dela-law.com

*Attorney for the Plaintiff*